OPINION
{¶ 1} This is an appeal from a jury's finding of guilt as to a misdemeanor theft charge.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 24, 2002 Tonya Cundiff and her friend, Eric Jones were at Sunny's Alibi Lounge in downtown Canton, Ohio.
 {¶ 3} She observed appellant by the bar and Eric Jones motioned him over to them and a conversation occurred.
 {¶ 4} Shortly after, a fight broke out and she and Eric Jones left the bar, followed by appellant.
 {¶ 5} Appellant approached them, asserted that Tonya Cundiff owed him money. She denied this. (T. at p. 58-59).
 {¶ 6} She had $10.00, change and keys in her hand.
 {¶ 7} Her testimony was that appellant put his hand behind his back as if he had a gun (T. at p. 59) and stated "I'll bust a cap in your ass".
 {¶ 8} At this point she testified that appellant snatched the $10.00 from her hand and left. (T. at P. 59).
 {¶ 9} The remaining witnesses were the investigating officers.
 {¶ 10} Appellant did not testify.
 {¶ 11} The sole Assignment of Error is:
 ASSIGNMENT OF ERROR {¶ 12} "THE APPELLANT'S CONVICTION FOR MISDEMEANOR THEFT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 13} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. State v.Martin (1983), 20 Ohio App.3d 172. See also, State v. Thompkins (1997),78 Ohio St.3d 380. The discretionary power to grant a new Ashould be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Martin at 175. Because the trier of fact is in a better position to observe the witnesses demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230.
 {¶ 14} Based upon the facts noted supra, and the entire record, we do not find the verdict was against the manifest weight of the evidence. The Jury was free to accept or reject any or all of the testimony of the witnesses and assess the credibility of those witnesses. There was sufficient, competent evidence to support the Jury's finding.
 {¶ 15} This cause is affirmed.
By: Boggins, J., Gwin, P.J and Farmer, J. concur.